

...ÉD STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 03142

------------------------------------------------------------------ x

TEOFILO COLON,

Plaintiff,   COMPLAINT AND
JURY DEMAND

-against-

CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
PRISON HEALTH SERVICES, INC., MICHAEL
CATALANO, C.E.O. OF PRISON HEALTH SERVICES,
INC., DOHMH MEDICAL DIRECTOR TREVOR
PARKS, DOHMH PROGRAM DIRECTOR REBECCA
PINNEY, DOHMH DEPUTY COMMISIONER LOUISE
COHEN, DOHMH MEDICAL DIRECTOR DOCTOR
BENJAMIN OKONTA, DR. PRAVIN RANJAN, DR.
JEAN RICHARD, DR. DIAH DOUGLAS, DR. LISA
NASON, DR. MICHAEL HALL, "JOHN DOE"
MEDICAL PROVIDERS PRISON HEALTH SERVICES,

Docket #

ECF CASE



------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights

secured by 42 USC §§1983, and Fourth and Fourteenth Amendments and the laws and

Constitution of the State of New York.

2.    The claim arises from defendants' repeated denials of proper medical treatment for

plaintiff's serious injury, a fractured thumb.    Because of defendants' repeated deliberate

indifference to plaintiff's requests, beginning February 20, 2007, plaintiff suffered serious

physical consequences.    During this period, defendants, acting under color of state law, were

deliberately indifferent to plaintiff's serious medical needs, of which they were aware.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.     This action is brought pursuant to 28 USC §1331 and 42 USC §1983.  Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.     Venue is laid within the United States District Court for the Southern District of New York in that defendants Department of Correction ("DOC") and Prison Health Services ("PHS") operate within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7.     Plaintiff is a citizen of the United States and at all times here relevant, resided in New York County, State of New York.  Plaintiff was incarcerated at Riker's Island as a pre-trial detainee on February 20, 2007.  He is currently incarcerated in the custody of Department of Correctional Services.

8.     The City of New York is a municipal corporation organized under the laws of the State of New York.

9.     New York Department of Correction Commissioner Martin Horn ("Horn") was at all times here relevant the Commissioner of the D.O.C., and, as such, was a policy maker with respect to selecting which healthcare professionals to service the jails and other facilities on Riker's Island and other D.O.C. facilities.  On information and belief, Commissioner Horn was responsible for the policy, practice, supervision, implementation, and conduct of all D.O.C. matters, including supervision over the performance by healthcare providers, including the

defendants here referenced. Commissioner Horn is also responsible for the care, custody, and control of all inmates housed in the D.O.C. jails. As Commissioner, Horn is provided with reports of the standards of medical care being met, or not, by the healthcare providers. Defendant Horn is sued in his official capacity.

10.   The City of New York delegates to the Department of Health and Mental Hygiene (DOHMH) the responsibility of providing medical care for prisoners.  DOHMH has contracted with Prison Health Services Corporation (PHS) to satisfy that responsibility.  Correctional Health Services is an agency under the control of DOHMH to oversee the services provided by PHS.

11.   Deputy Commissioner Campoziello and Dr. Okonta were, at all times here relevant, employees of Correctional Health Services within DOHMH and, as such, were policy makers with respect to medical treatment as well as supervisors of direct medical care provided by PHS. Medical Director Parks and Program Director Pinney were, at all times here relevant, employees of PHS and, as such, were policy makers with respect to medical treatment as well as supervisors of direct medical care provided.

12.   Prison Health Services, Inc. ("P.H.S.") is private corporation that delivers healthcare and pharmaceutical services to jails and prisons across the country to over 185,000 prisoners and detainees.  P.H.S. has been the healthcare and pharmaceutical services provider for D.O.C. jails since 2001.  P.H.S. is sued in its individual corporate capacity.

13.   Michael Catalano is the Chief Executive Officer ("C.E.O.") of P.H.S., and as such, is responsible for accountability, providing quality healthcare, and meeting professional standards of healthcare services in the institutions that P.H.S. services.  Michael Catalano was the C.E.O. of P.H.S. on or about February 20, 2007.

14.   Dr. Pravin Ranjan, MD, was at all times here relevant employed by Prison Health

3

Services and was notified of plaintiff's fracture and was in charge of securing proper and prompt treatment.

15.   Dr. Jean Richard was at all times here relevant employed by Prison Health Services and treated plaintiff at least three times on February 22, April 12, and July 19, 2007.

16.   Dr. Diah Douglas was at all times here relevant employed by Prison Health Services and treated plaintiff at least six times on March 13, March 14, March 15, March 21, March 22, and March 23, 2007.

17.   Dr. Lisa Nason, MD, was at all times here relevant employed by Prison Health Services as an orthopedist.  Defendant Nason treated plaintiff at least three times on June 8, June 22, and July 6, 2007.

18.   Dr. Michael Hall, M.D., was at all times here relevant employed by Prison Health Services and treated plaintiff at Bellevue Hospital on April 17, 2007.

19.   All other individual defendants ("the P.H.S. defendants") are employees of P.H.S. and are sued in their individual capacities.

20.   All other individual defendant officers ("defendant officers") are employees of D.O.C. and are sued in their individual capacities.

21.   At all times defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

22.   Within 90 days of the events giving rise to this claim, plaintiff filed written notice of intent to sue with the New York City Comptroller's office.  Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## CERTIFICATE OF MERIT

23.   Pursuant to CPLR §3012-a, a Certificate of Merit is attached, affirming that plaintiff has attempted to consult with three separate doctors in good faith, however, none of those contacted would agree to such consultation because it would be based solely on record review due to plaintiff's current incarceration, and the statute of limitations was approaching.

## JOINT LIABILITY

24.   This action falls within one or more of the exceptions set forth in CPLR §1602.

## EXHAUSTIAN OF REMEDIES

25.   Plaintiff filed a complaint with the Inmate Grievance Review Committee on April 10, 2007.

26.   On April 12, 2007, the Inmate Grievance Review Committee determined that Plaintiff's grievance was "non-grievable as outlined in Directive #3375R."

27.   On April 13, 2007, plaintiff submitted a "Patient Complaint/Request for Second Opinion" to the Clinic Administrator and Chief Physician of AMKC, C-95.

## FACTUAL ALLEGATIONS

28.   Plaintiff fractured his thumb trying to prevent a fellow inmate from committing suicide on February 19, 2007.

29.   On February 20, 2007, plaintiff's hand was x-rayed and a "displaced transverse fracture of the base of the 1st metacarpal" (the base of the thumb bone) was apparent.

30.   Defendants at Rikers Island were aware of plaintiff's thumb fracture.

31.   Between February and April 2007, defendants repeatedly failed to properly treat plaintiff's thumb fracture despite being aware of "abnormal x-rays" since February 20, 2007.

32.   In April 2007, defendants x-rayed plaintiff's thumb again, which revealed that the

fracture had "closed."

33. Defendants fail to give plaintiff necessary treatment after the April x-rays despite his continuing complaints of pain, limited range of motion, and requests for surgery.

34. Throughout this period of time, and continuing to the present, plaintiff suffers pain, discomfort and limited range of motion in his left thumb, which has had an impact on his daily life.

35. During all of the events above described, defendants acted with deliberate indifference towards plaintiff's serious medical needs in denying his medical attention.

36. During all of the events above described, defendants had knowledge of plaintiff's serious medical needs.

37. During all of the events above described, defendants' actions deviated from the reasonable standard of care for the medical community.

## DAMAGES

38. As a direct and proximate result of defendants' actions, plaintiff suffered the following injuries and damages:

  a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

  b. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

  c. Violation of his New York State Constitutional rights under Article 1, Section 12;

  d. Physical pain and suffering;

  e. Emotional trauma and suffering, including fear, emotional distress, frustration, extreme inconvenience, and anxiety.

6

### FIRST CAUSE OF ACTION
(42 USC § 1983)

39.  The above paragraphs are here incorporated by reference.

40.  Defendants acted under color of law to deprive plaintiff of his civil, constitutional and statutory rights to due process of law pursuant to the Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983 and §§ 5, 6 and 12 of the New York State Constitution.

41.  Plaintiff has been damaged as a result of defendants' wrongful acts.

### SECOND CAUSE OF ACTION
(DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

42.  The above paragraphs are here incorporated by reference.

43.  Defendants have acted under color of law to deprive plaintiff of his civil, constitutional and statutory rights to due process of law pursuant to the Eighth and Fourteenth Amendments of the United States Constitution and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

44.  Defendants knew plaintiff faced serious injury because they knew his thumb was fractured.

45.  Defendants were deliberately indifferent when they repeatedly disregarded that risk by failing to treat plaintiff's thumb fracture.

46.  Defendants' deliberate indifference continued when defendants repeatedly failed to adequately treat plaintiff's thumb fracture.

47.  Defendants' deliberate indifference to plaintiff's medical condition caused plaintiff to sustain serious injuries, including swelling, pain, and decreased range of motion.

48.  Defendants' deliberate indifference caused plaintiff's condition to degenerate, forcing

plaintiff to undergo more invasive and continuing treatment as well as causing long-term damage.

49.   Plaintiff was damaged by the deliberate indifference of the defendants.

## THIRD CAUSE OF ACTION
(MEDICAL MALPRACTICE)

50.   The preceding paragraphs are here incorporated by reference.

51.   The defendant doctors, physicians' assistants, nurses, pharmacists, and other medical and pharmaceutical staff of Prison Health Services owed plaintiff a duty of care to provide him with treatment in accordance with the accepted standards of care in the community and to use in their evaluation and care of plaintiff approved methods in general use, to use reasonable care and skill, and to use their best judgment in the evaluation and care of plaintiff to provide prompt treatment by an orthopedic consultant.

52.   The defendant doctors, physicians' assistants, nurses, pharmacists, and other medical staff breached that duty by negligently failing to follow through on ordered evaluations and to properly treat plaintiff's condition. Such evaluation and treatment was necessary for plaintiff to maintain good health. By deviating from accepted practices, defendants violated their duty to plaintiff.

53.   The actions and omissions of these defendant doctors, physicians' assistants, nurses, pharmacists, and other medical and pharmaceutical staff caused plaintiff to suffer physical and emotional injury.

## FOURTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

54.   All preceding paragraphs are here incorporated by reference.

55.   Defendants, acting under color of law, violated plaintiff's rights pursuant to §§5, 6 and

8

12 of the New York State Constitution.

56.   A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

### FIFTH CAUSE OF ACTION
(NEGLIGENCE)

57.   All preceding paragraphs are here incorporated by reference.

58.   Defendants had a duty to plaintiff to use reasonable care in promptly assessing and providing his medical needs.

59.   Defendants repeatedly breached that duty by failing to properly assess, prescribe, renew, and provide him with necessary medical attention.

60.   Defendants' failure to use reasonable care in providing plaintiff with prompt treatment for his fractured thumb actually and proximately caused plaintiff's swelling, pain, and decreased range of motion in his thumb, resulting in serious physical injury.

61.   Plaintiff was seriously injured as a result of defendants' negligence.

### SIXTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION – as to P.H.S. and its medical staff)

62.   The above paragraphs are here incorporated by reference.

63.   Defendants' medical staff had a negligent disposition and P.H.S. knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant medical staff's negligent dispositions through the hiring process.

64.   Defendant P.H.S. knew or should have known that their failure to investigate defendant medical staff's negligent dispositions would lead to plaintiff's injury.

65.   Defendant P.H.S. were negligent in their hiring and retaining the medical staff involved

in this case in that they knew or should have known of the medical staff's propensity to act negligently.

66. Defendant P.H.S. has deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York State Constitution.

## SEVENTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION – as to City of New York)

67. The above paragraphs are here incorporated by reference.

68. Defendant P.H.S. had a record of negligence and P.H.S. knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant P.H.S.'s record of negligence through the contracting process.

69. Defendant D.O.H.M.H. knew or should have known that its failure to investigate defendant P.H.S.'s negligent record would lead to plaintiff's injury.

70. Defendant D.O.H.M.H. was negligent in its contracting and retaining the P.H.S. defendant involved in this case in that it knew or should have known of the corporation's propensity to act negligently.

71. Defendant D.O.H.M.H. has deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York State Constitution.

## EIGHTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR – as to City of New York and DOC Correction Officers)

72. The above paragraphs are here incorporated by reference.

73. Defendant officers' intentional and negligent tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant

10

City of New York's interest.

74. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

## TENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR – as to City of New York and P.H.S.)

75. The above paragraphs are here incorporated by reference.

76. Defendant P.H.S.'s intentional and negligent tortious acts were undertaken within the scope of its contract by defendant City of New York and D.O.H.M.H. and in furtherance of the defendant City of New York's and D.O.H.M.H.'s interest.

77. As a result of defendant P.H.S.'s tortious conduct in the course of its contract and in furtherance of the business of defendant City of New York and D.O.H.M.H., plaintiff was damaged.

## ELEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR – as to P.H.S. and its staff)

78. Defendant medical staff's intentional and negligent tortious acts were undertaken within the scope of its contract by defendant P.H.S. and in furtherance of the defendant P.H.S.'s interest.

79. As a result of defendant medical staff's tortious conduct in the course of their employment and in furtherance of the business of defendant P.H.S., plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

11

B.   Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.   Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this

action; and

D.   Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED:      Brooklyn, New York
            March 26, 2008

TO:                                     Yours, etc.,

City of New York
Corporation Counsel                     Cynthia Conti-Cook
100 Church, Fl. 4                       Bar #CC0778
New York, NY 10007                      Attorney for Plaintiff
                                        71 Nevins Street
Commissioner Martin F. Horn             Brooklyn, NY 11217
60 Hudson Street                        (718) 852-3710
New York NY 10013                       cynthiaconticook@gmail.com

Deputy Commissioner Louise Cohen
New York City Correctional Health Services
225 Broadway 23rd Fl
New York, NY 10007

Medical Director Dr. Benjamin Okonta
New York City Correctional Health Services
225 Broadway 23rd Fl
New York, NY 10007

Prison Health Services, Inc.
125 White St
New York, NY 10013

Michael Catalano, CEO
Prison Health Services, Inc.

105 Westpark Dr. Suite 200
Brentwood TN 37027

Medical Director Trevor Parks
Prison Health Services Corporation
125 White Street
New York, NY 10013

Program Director Rebecca Pinney
Prison Health Services Corporation
125 White Street
New York, NY 10013

Dr. Pravin Ranjan
Prison Health Services Corporation
125 White Street
New York, NY 10013

Dr. Jean Richard
Prison Health Services Corporation
125 White Street
New York, NY 10013

Dr. Diah Douglas
Prison Health Services Corporation
125 White Street
New York, NY 10013

Dr. Lisa Nason
Prison Health Services Corporation
125 White Street
New York, NY 10013

Dr. Michael Hall
Prison Health Services Corporation
125 White Street
New York, NY 10013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

TEOFILO COLON

                                        Plaintiff,        **CERTIFICATE OF MERIT**

            -against-

DEPARTMENT OF CORRECTIONAL SERVICES          Docket #
COMMISSIONER GLENN GOORDE, DEPARTMENT
OF CORRECTIONAL SERVICES COMMISSIONER
BRIAN FISHER, DEPARTMENT OF CORRECTIONAL
SERVICES CHIEF MEDICAL OFFICER LESTER N.
WRIGHT, DR. JONATHON HOLDER, DR.
JACQUELINE DUNBAR, NURSE BARBARA FERCO,
"JOHN DOE" DEPARTMENT OF HEALTH
EMPLOYEES, PUTNAM HOSPITAL CENTER, GAIL
MURPHY, RPA-C,

                                        Defendants.

-------------------------------------------------------------- x


I, Cynthia Conti-Cook, plaintiff's attorney in this action, have attempted to consult with at least
three separate doctors in good faith, however, none of those contacted would agree to such
consultation based on record review without a patient evaluation. Plaintiff is currently in
Department of Correctional Services custody and the statute of limitations for his claims is
approaching.

Pursuant to CPLR 3012-a, I affirm this Certificate of Merit under penalties of perjury.

March 26, 2008

Cynthia Conti Cook, CC0778
Stoll, Glickman & Bellina, LLP
71 Nevins Street
Brooklyn NY 11217
P. 718 852-3710
F. 718 852-3586
cconti-cook@stollglickman.com
www.stollglickman.com

14