UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TEOFILO COLON,                       :
                                     :   08-CV-03142
                 Plaintiff,          :   (HB)
                                     :
     -against-                       :
                                     :
CITY OF NEW YORK, DEPARTMENT OF      :
CORRECTION COMMISSIONER MARTIN F.    :
HORN, PRISON HEALTH SERVICES, INC.,  :
MICHAEL CATALANO, C.E.O. OF PRISON   :
HEALTH SERVICES, INC., DOHMH MEDICAL :
DIRECTOR TREVOR PARKS, DOHMH         :
PROGRAM DIRECTOR REBECCA PINNEY,     :   **ANSWER, AFFIRMATIVE**
DOHMH DEPUTY COMMISSIONER LOUISE     :   **DEFENSES, and JURY DEMAND**
COHEN, DOHMH MEDICAL DIRECTOR        :   **ON BEHALF OF DEFENDANT,**
DOCTOR BENJAMIN OKONTA, DR. PRAVIN   :   **DR. LISA NASON**
RANJAN, DR. JEAN RICHARD, DR. DIAH   :
DOUGLAS, DR. LISA NASON, DR. MICHAEL :
HALL, "JOHN DOE" MEDICAL PROVIDERS   :
PRISON HEALTH SERVICES,              :
                                     :
                 Defendants.         :
                                     :
------------------------------------X

Defendant, DR. LISA NASON, by and through her attorneys, White and Williams LLP, hereby answers the Complaint of the Plaintiff, TEOFILO COLON ("Plaintiff"), upon information and belief as follows:

## PRELIMINARY STATEMENT

1.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

2.  Answering Defendant denies the allegations contained in Paragraph 2 of the Complaint.

PHLDMS1 4283201v.1

3. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 3 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

## JURISDICTION

4-6. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 4 through 6 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

## PARTIES

7-16. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 7 through 16 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

17. Answering Defendant denies that she was employed by Prison Health Services. By way of further answer, without access to Plaintiff's medical records, at this time Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 17 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

18-21. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 18 through 21 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

## NOTICE OF CLAIM

22. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 22 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

## CERTIFICATE OF MERIT

23. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 23 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

## JOINT LIABILITY

24. Answering Defendant denies the allegations contained in Paragraph 24 of the Complaint.

## EXHAUSTION OF REMEDIES

25-27. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 25 through 27 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

## FACTUAL ALLEGATIONS

28-34. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 28 through 34 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

35. Answering Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 36 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

37. Answering Defendant denies the allegations contained in Paragraph 37 of the Complaint.

## DAMAGES

38. Answering Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

39. Answering Defendant repeats and reiterates her responses to each and every allegation set forth in Paragraphs 1 to 38 of the Complaint as if same were set forth at length herein.

40-41. Answering Defendant denies the allegations contained in Paragraphs 40 through 41 of the Complaint.

## SECOND CAUSE OF ACTION
### (DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

42. Answering Defendant repeats and reiterates her responses to each and every allegation set forth in Paragraphs 1 to 41 of the Complaint as if same were set forth at length herein.

43-49. Answering Defendant denies the allegations contained in Paragraphs 43 through 49 of the Complaint.

PHLDMS1 4283201v.1

## THIRD CAUSE OF ACTION
### (MEDICAL MALPRACTICE)

50. Answering Defendant repeats and reiterates her responses to each and every allegation set forth in Paragraphs 1 to 49 of the Complaint as if same were set forth at length herein.

51-53. Answering Defendant denies the allegations contained in Paragraphs 51 through 53 of the Complaint.

## FOURTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

54. Answering Defendant repeats and reiterates her responses to each and every allegation set forth in Paragraphs 1 to 53 of the Complaint as if same were set forth at length herein.

55-56. Answering Defendant denies the allegations contained in Paragraphs 55 through 56 of the Complaint.

## FIFTH CAUSE OF ACTION
### (NEGLIGENCE)

57. Answering Defendant repeats and reiterates her responses to each and every allegation set forth in Paragraphs 1 to 56 of the Complaint as if same were set forth at length herein.

58-61. Answering Defendant denies the allegations contained in Paragraphs 58 through 61 of the Complaint.

## SIXTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION – as to P.H.S. and its medical staff)

62. Answering Defendant repeats and reiterates her responses to each and every allegation set forth in Paragraphs 1 to 61 of the Complaint as if same were set forth at length herein.

63-66. Answering Defendant denies that she is required to respond to the averments of Paragraphs 63 through 66 of the Complaint, as they do not pertain to her. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 63 through 66 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

## SEVENTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION – as to City of New York)

67. Answering Defendant repeats and reiterates her responses to each and every allegation set forth in Paragraphs 1 to 66 of the Complaint as if same were set forth at length herein.

68-71. Answering Defendant denies that she is required to respond to the averments of Paragraphs 68 through 71 of the Complaint, as they do not pertain to her. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 68 through 71 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

## EIGHTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR – as to City of New York and DOC Correction Officers)

72. Answering Defendant repeats and reiterates her responses to each and every allegation set forth in Paragraphs 1 to 71 of the Complaint as if same were set forth at length herein.

73-74. Answering Defendant denies that she is required to respond to the averments of Paragraphs 73 through 74 of the Complaint, as they do not pertain to her. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 73 through 74 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

## NO NINTH CAUSE OF ACTION IS ASSERTED

## TENTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR – as to City of New York and P.H.S.)

75. Answering Defendant repeats and reiterates her responses to each and every allegation set forth in Paragraphs 1 to 74 of the Complaint as if same were set forth at length herein.

76-77. Answering Defendant denies that she is required to respond to the averments of Paragraphs 76 through 77 of the Complaint, as they do not pertain to her. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 76 through 77 of the Complaint. Hence, the averments are denied and strict proof thereof is demanded at the time of trial.

PHLDMS1 4283201v.1

## ELEVENTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR – as to P.H.S. and its staff)

78-79. Answering Defendant denies the allegations contained in Paragraphs 78 through 79 of the Complaint.

WHEREFORE, answering Defendant, DR. LISA NASON, demands a Judgment in her favor declaring that Plaintiff's Complaint and any and all cross-claims against said Defendant be dismissed with prejudice, together with the award of costs, disbursements, fees, expenses, attorneys' fees, and such other and further relief as this court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by all applicable Statutes of Limitations.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendant raises all applicable defenses under comparative negligence. It is specifically averred that Plaintiff was negligent and that this negligence constitutes a bar to recovery. In the alternative, it is averred that any award entered against answering Defendant should be reduced by that amount of negligence apportioned to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries as alleged, then it is averred that said injuries were caused by persons, entities, and/or conditions over whom answering Defendant had no control and no right to control and for whose conduct answering Defendant had no responsibility.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by virtue of the fact that Plaintiff assumed the risks of the injuries that he allegedly sustained.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant was not a party to any contract for the provision of medical services to the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate the damages alleged, as required by law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff gave a fully informed consent to the medical treatment rendered.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's statements concerning the medical treatment rendered are conclusory, incomplete and misleading and are therefore denied. A more complete summary of the medical treatment rendered is contained in the medical records which are in writing and speak for themselves.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to identify those persons alleged to have been the agents, servants and/or employees of answering Defendant. All allegations of agency are expressly denied and strict proof is demanded. Strict proof of the identity, conduct and agency status of all persons alleged to have been the agents, servants and/or employees of answering Defendant is demanded.

### ELEVENTH AFFIRMATIVE DEFENSE

No acts or omissions of answering Defendant are alleged by Plaintiff to constitute negligence nor are alleged as substantial causes or factors and thus no act or omission of answering Defendant resulted in the injuries or losses alleged by Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

No medical service was rendered by answering Defendant to Plaintiff; nor did answering Defendant have any responsibility for the care at issue.

### THIRTEENTH AFFIRMATIVE DEFENSE

The negligent acts or omissions of other individuals constitute superseding causes of the damages and/or injuries alleged to have been sustained by the Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not met the conditions precedent to the commencement of this action as required by law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not denied any civil or constitutional rights or protections by answering Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to deliberate indifference to serious medical needs by answering Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies prior to initiating suit, pursuant to the applicable laws of the United States and the State of New York.

### EIGHTEENTH AFFIRMATIVE DEFENSE

This action is barred, or answering Defendant is entitled to a set-off against any award herein as Plaintiff has previously recovered sums for all or part of the damages claimed herein.

### NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendant denies that she is liable in any way to Plaintiff under any legal theory because of the doctrine of immunity, whether qualified, sovereign, statutory or otherwise.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover damages in this action under 42 U.S.C. § 1983.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff may not properly assert a cause of action against the answering Defendant for violation of 42 U.S.C. § 1983.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The amount of alleged damages claimed by Plaintiff should be reduced pursuant to CPLR § 4545 to the extent of any collateral source benefits, remuneration or compensation received.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint does not set forth a basis for punitive damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any claims for punitive damages contained in the Complaint fail to state a claim upon which relief may be granted, violate various provisions of the Constitution of the United States and the State of New York, and violate various statutory proscriptions thereof.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

No act or omission of the answering Defendant was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot maintain his claim for exemplary or punitive damages as against answering Defendant because he has failed to plead the ultimate facts necessary to support such a claim.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant pleads that, if liable at all in this matter, liability is fifty percent (50%) or less, and by reason of such, answering Defendant's liability to Plaintiff for non-economic loss shall not exceed answering Defendant's equitable share determined in accordance with the relative culpability of each person contributing to the total liability for non-economic loss.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This action is barred by Plaintiff's failure to comply with CPLR 3012-a and/or any and all other requirements pertaining to certificates of merit.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Answering Defendant hereby adopts and incorporates by reference hereto all affirmative defenses asserted by answering Defendant's co-defendants in this action.

### THIRTIETH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to amend and/or supplement its Answer and/or its Affirmative Defenses as more facts become known during the course of continuing discovery in this action.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant, DR. LISA NASON, hereby demands a trial by jury on all issues so triable.

Dated: May 28, 2008

Respectfully submitted,
**WHITE AND WILLIAMS LLP**
*Attorneys for Defendant, Dr. Lisa Nason*

By: _____
MICHAEL J. KOZORIZ (MK- 1929)
One Penn Plaza, Suite 1801
New York, New York 10119
(212) 244-9500

TO:   ALL COUNSEL OF RECORD
(VIA ECF, AND TO COUNSEL FOR PLAINTIFF VIA
ECF AND BY FIRST CLASS U.S. MAIL)

PHLDMS1 4283201v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
TEOFILO COLON,                             :
                                           :   08-CV-03142
                    Plaintiff,             :   (HB)
                                           :
         -against-                         :
                                           :
CITY OF NEW YORK, DEPARTMENT OF            :
CORRECTION COMMISSIONER MARTIN F.          :
HORN, PRISON HEALTH SERVICES, INC.,        :
MICHAEL CATALANO, C.E.O. OF PRISON         :
HEALTH SERVICES, INC., DOHMH MEDICAL       :
DIRECTOR TREVOR PARKS, DOHMH               :
PROGRAM DIRECTOR REBECCA PINNEY,           :   CERTIFICATE OF SERVICE
DOHMH DEPUTY COMMISSIONER LOUISE           :
COHEN, DOHMH MEDICAL DIRECTOR              :
DOCTOR BENJAMIN OKONTA, DR. PRAVIN         :
RANJAN, DR. JEAN RICHARD, DR. DIAH         :
DOUGLAS, DR. LISA NASON, DR. MICHAEL       :
HALL, "JOHN DOE" MEDICAL PROVIDERS         :
PRISON HEALTH SERVICES,                    :
                                           :
                    Defendants.            :
                                           :
------------------------------------------X

   I, MICHAEL J. KOZORIZ, ESQ., a member of the bar of the State of New York and of the United States District Court for the Southern District of New York, hereby certify that on the date indicated below, I caused to be served, by ECF and First Class U.S. Mail, a copy of the ANSWER, AFFIRMATIVE DEFENSES, and JURY DEMAND ON BEHALF OF DEFENDANT, DR. LISA NASON, in the above-captioned civil action, to all counsel of record, to wit:

   Cynthia Conti-Cook, Esq.
   Stoll, Glickman & Bellina
   71 Nevins Street
   Brooklyn, New York 11217
   *Attorneys for Plaintiff*

said address be the last known address by said party for that purpose.

PHLDMS1 4314336v.1

Dated: May 28, 2008

Respectfully submitted,
**WHITE AND WILLIAMS LLP**
*Attorneys for Defendant, Dr. Lisa Nason*

By: _____/s/ Michael J. Kozoriz_____
MICHAEL J. KOZORIZ (MK- 1929)
One Penn Plaza, Suite 1801
New York, New York 10119
(212) 244-9500

-2-