UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TEOFILO COLON,

                         Plaintiff,                             08 CV 03142

       - against -                                  **ANSWER**

CITY OF NEW YORK, DEPARTMENT OF         **TRIAL BY JURY**
CORRECTION COMMISSIONER, MARTIN F. HORN,  **DEMANDED**
PRISON HEALTH SERVICES, INC., MICHAEL
CATALANO, C.E.O. OF PRISON HEALTH SERVICES,
INC., DOHMH MEDICAL DIRECTOR TREVOR
PARKS, DOHMH PROGRAM DIRECTOR REBECCA
PINNEY, DOHMH DEPUTY COMMISSIONER LOUISE
COHEN, DOHMH MEDICAL DIRECTOR DOCTOR
BENJAMIN OKONTA, DR. PRAVIN RANJAN, DR.
JEAN RICHARD, DR. DIAH DOUGLAS, DR. LISA
NASON, DR. MICHAEL HALL, "JOHN DOE"
MEDICAL PROVIDERS PRISON HEALTH SERVICES,

                        Defendants.
------------------------------------------------------------------------X

       Defendant REBECCA PINNEY, s/h/a "DOHMH PROGRAM DIRECTOR REBECCA PINNEY," by her attorneys, HEIDELL, PITTONI, MURPHY & BACH, LLP, Of Counsel to MICHAEL A. CARDOZO, ESQ., Corporation Counsel of the City of New York, upon information and belief, answers the complaint herein as follows:

**AS AND TO THE SECTION DESIGNATED PRELIMINARY STATEMENT**

       FIRST: Denies the allegations contained in the paragraphs of the complaint designated "1" through "3" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these paragraphs and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

530079.1

### AS AND TO THE SECTION DESIGNATED JURISDICTION

SECOND: Denies the allegations contained in the paragraphs of the complaint designated "4" through "6" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE SECTION DESIGNATED PARTIES

THIRD: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint designated "7" through "10" and "12" through "20" and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

FOURTH: Denies the allegations contained in the paragraphs of the complaint designated "11" and "21" insofar as the allegations pertain to the answering defendant, except admits that the answering defendant is the Vice President of Operations for Prison Health Services, Inc. and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE SECTION DESIGNATED NOTICE OF CLAIM

FIFTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "22."

### AS AND TO THE SECTION DESIGNATED CERTIFICATE OF MERIT

SIXTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "23."

530079.1

### AS AND TO THE SECTION DESIGNATED JOINT LIABILITY

SEVENTH: Denies the allegations contained in the paragraph of the complaint designated "24."

### AS AND TO THE SECTION DESIGNATED EXHAUSTION OF REMEDIES

EIGHTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint designated "25" through "27."

### AS AND TO THE SECTION DESIGNATED FACTUAL ALLEGATIONS

NINTH: Denies the allegations contained in the paragraphs of the complaint designated "28" through "37" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE SECTION DESIGNATED DAMAGES

TENTH: Denies the allegations contained in the paragraph of the complaint designated "38" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE FIRST CAUSE OF ACTION

ELEVENTH: Answering the paragraph of the complaint designated "39," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "38" with the same force and effect as if herein set forth at length.

TWELFTH: Denies the allegations contained in the paragraphs of the complaint designated "40" and "41" insofar as the allegations pertain to the answering defendant and

530079.1

otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE SECOND CAUSE OF ACTION

THIRTEENTH: Answering the paragraph of the complaint designated "42," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "41" with the same force and effect as if herein set forth at length.

FOURTEENTH: Denies the allegations contained in the paragraphs of the complaint designated "43" through "49" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE THIRD CAUSE OF ACTION

FIFTEENTH: Answering the paragraph of the complaint designated "50," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "49" with the same force and effect as if herein set forth at length.

SIXTEENTH: Denies the allegations contained in the paragraphs of the complaint designated "51" through "53" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

530079.1

## AS AND TO THE FOURTH CAUSE OF ACTION

SEVENTEENTH: Answering the paragraph of the complaint designated "54," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "53" with the same force and effect as if herein set forth at length.

EIGHTEENTH: Denies the allegations contained in the paragraphs of the complaint designated "55" and "56" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE FIFTH CAUSE OF ACTION

NINETEENTH: Answering the paragraph of the complaint designated "57," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "56" with the same force and effect as if herein set forth at length.

TWENTIETH: Denies the allegations contained in the paragraphs of the complaint designated "58" through "61" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE SIXTH CAUSE OF ACTION

TWENTY-FIRST: Answering the paragraph of the complaint designated "62," defendant repeats and realleges each and every denial and admission in answer to the paragraphs

530079.1

of the complaint designated "1" through "61" with the same force and effect as if herein set forth at length.

TWENTY-SECOND: Denies the allegations contained in the paragraphs of the complaint designated "63" through "66" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE SEVENTH CAUSE OF ACTION

TWENTY-THIRD: Answering the paragraph of the complaint designated "67," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "66" with the same force and effect as if herein set forth at length.

TWENTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint designated "68" through "71."

### AS AND TO THE EIGHTH CAUSE OF ACTION

TWENTY-FIFTH: Answering the paragraph of the complaint designated "72," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "71" with the same force and effect as if herein set forth at length.

TWENTY-SIXTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint designated "73" and "74."

530079.1

### AS AND TO THE TENTH CAUSE OF ACTION

TWENTY-SEVENTH:  Answering the paragraph of the complaint designated "75," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "74" with the same force and effect as if herein set forth at length.

TWENTY-EIGHTH:  Denies the allegations contained in the paragraphs of the complaint designated "76" and "77" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE ELEVENTH CAUSE OF ACTION

TWENTY-NINTH:  Denies the allegations contained in the paragraphs of the complaint designated "78" and "79" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### FOR A FIRST DEFENSE

THIRTIETH:  That whatever damages may have been sustained at the time and place alleged in the complaint by plaintiff were caused, in whole or in part, by the culpable conduct of plaintiff and without any negligence on the part of defendant.  Damages, if any, are to be diminished proportionally to the culpable conduct of the plaintiff.

530079.1

## FOR A SECOND DEFENSE

THIRTY-FIRST: That the equitable share of liability, if any, of defendant REBECCA PINNEY, s/h/a "DOHMH PROGRAM DIRECTOR REBECCA PINNEY," shall be determined pursuant to the provisions of Article 16 of the CPLR.

## FOR A THIRD DEFENSE

THIRTY-SECOND: That one or more of the causes of action in the complaint fail to state a cause of action upon which relief may be granted.

## FOR A FOURTH DEFENSE

THIRTY-THIRD: The amount of alleged damages claimed by plaintiff should be reduced pursuant to CPLR § 4545 to the extent of any collateral source benefits, remuneration or compensation received.

## FOR A FIFTH DEFENSE

THIRTY-FOURTH: That defendant denies that it is liable in any way to plaintiff under any legal theory because of the doctrine of immunity, whether qualified, sovereign, statutory or otherwise.

## FOR A SIXTH DEFENSE

THIRTY-FIFTH: That plaintiff is not entitled to recover damages in this action under 42 U.S.C. §1983.

## FOR A SEVENTH DEFENSE

THIRTY-SIXTH: Plaintiff may not properly assert a cause of action against the answering defendant for violation of 42 U.S.C. §1983.

## FOR A EIGHTH DEFENSE

THIRTY-SEVENTH: That the occurrence alleged in plaintiff's complaint was caused, contributed to and brought about, in whole or in part, by the conduct of persons over

530079.1

whom this defendant exercised no supervision or control, including the plaintiff, such conduct amounting to contributory negligence, and the damages and injuries otherwise recoverable by plaintiff, if any, should be diminished in proportion to which such person(s)' conduct bears to the conduct which caused plaintiff's injuries and damages, if any, pursuant to the decisional and statutory laws of the State of New York and the United States in such cases made and provided.

### FOR A NINTH DEFENSE

THIRTY-EIGHTH: That this defendant alleges and states that plaintiff's claim for relief is barred, because plaintiff and plaintiff's representatives assumed the risk and were fully cognizant of any and all circumstances surrounding the events that gave rise to this action.

### FOR A TENTH DEFENSE

THIRTY-NINTH: That this defendant alleges and states that there were intervening and superseding acts and occurrences over which it had no control and which caused any claimed injuries of plaintiff.

### FOR A ELEVENTH DEFENSE

FORTIETH: That this defendant reserves the right to amend her answer and/or affirmative defenses that may be determined applicable in the future by discovery in this matter.

### FOR A TWELFTH DEFENSE

FORTY-FIRST: That this defendant denies any and all allegations of plaintiff's complaint not specifically admitted herein.

WHEREFORE, defendant REBECCA PINNEY, s/h/a "DOHMH PROGRAM DIRECTOR REBECCA PINNEY," demands judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
       May 30, 2008

530079.1

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP
Of Counsel to MICHAEL A. CARDOZO, ESQ.,
Corporation Counsel of the City of New York

By: _____
GILLIAN C. THOMAS (GT 9285)
Attorneys for Defendant
TREVOR PARKS, M.D., s/h/a "DOHMH
PROGRAM DIRECTOR
REBECCA PINNEY"
Office & P.O. Address
99 Park Avenue
New York, New York 10016
(212) 286-8585

TO: Cynthia Conti-Cook, Esq.
STOLL, GLICKMAN & BELLINA, LLP
Attorneys for Plaintiff
71 Nevins Street
Brooklyn, New York 11217
(718) 852-3710

530079.1