UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TEOFILO COLON,

                        Plaintiff,

- against -

CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, PRISON HEALTH SERVICES, INC., MICHAEL CATALANO, C.E.O. OF PRISON HEALTH SERVICES, INC., DOHMH MEDICAL DIRECTOR TREVOR PARKS, DOHMH PROGRAM DIRECTOR REBECCA PINNEY, DOHMH DEPUTY COMMISSIONER LOUISE COHEN, DR. PRAVIN RANJAN, DR. JEAN RICHARD, BELLEVUE HOSPITAL CENTER, DR. DIAH DOUGLAS, DR. SHEEL SHARMA, DR. STEVEN K. LEE, "JOHN DOE" MEDICAL PROVIDERS PRISON HEALTH SERVICES, "JOHN DOE" MEDICAL PROVIDERS BELLEVUE HOSPITAL CENTER,

                        Defendants.
------------------------------------------------------------------X

**ECF**

Docket #08 CV 03142 (HB)

Honorable Harold Baer, Jr.

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

COUNSELLORS:

Defendant, STEVEN K. LEE, M.D., s/h/a DR. STEVEN K. LEE, by his attorneys, SCHIAVETTI, CORGAN, DiEDWARDS & NICHOLSON, LLP, answers the plaintiff's first amended complaint and jury demand, upon information and belief as follows:

PRELIMINARY STATEMENT

1. Denies each and every allegation set forth in paragraph designated "1" of the plaintiff's first amended complaint and jury demand except begs leave to refer all issues of law to this Honorable Court and all questions of fact to a trial therein.

2. Denies each and every allegation set forth in paragraphs designated "2" and "3" of the plaintiff's first amended complaint and jury demand.

JURISDICTION

3. Defendant denies each and every allegation set forth in paragraphs "4" and "6" of the plaintiff's first amended complaint and jury demand as to this answering defendant, and begs leave to refer all issues of law to this Honorable Court and all questions of fact to a trial therein.

4. Denies each and every allegation set forth in paragraph designated "5" of the plaintiff's first amended complaint and jury demand.

PARTIES

5. Denies any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "20", "21" and "22" of the plaintiff's first amended complaint and jury demand.

6. Denies each and every allegation set forth in paragraph "19" of the plaintiff's first amended complaint and jury demand in the form alleged except admits that STEVEN K. LEE, M.D., s/h/a DR. STEVEN K. LEE, is and was a physician duly licensed to practice medicine in the State of New York and begs leave to refer all issues of law to this Honorable Court and all questions of fact to a trial therein.

7. Denies each and every allegation set forth in paragraph designated "23" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

NOTICE OF CLAIM

8. Denies each and every allegation set forth in paragraph designated "24" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

## CERTIFICATE OF MERIT

9. Denies each and every allegation set forth in paragraph "25" of the plaintiff's first amended complaint and jury demand and begs leave to refer all issues of law to this Honorable Court and all questions of fact to a trial therein.

## JOINT LIABILITY

10. Denies each and every allegation set forth in paragraph designated "26" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

## EXHAUSTION OF REMEDIES

11. Denies any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "27", "28" and "29" of the plaintiff's first amended complaint and jury demand.

## FACTUAL ALLEGATIONS

12. Denies any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "30" and "32" of the plaintiff's first amended complaint and jury demand.

13. Denies each and every allegation set forth in paragraphs "31" and "34" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant, and begs leave to refer all issues of law to this Honorable Court and all questions of fact to a trial therein.

14. Denies each and every allegation set forth in paragraphs designated "33", "35", "36", "37", "38" and "39" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

DAMAGES

15. Denies each and every allegation set forth in paragraph designated "40" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

16. Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "40" of the plaintiff's first amended complaint and jury demand with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "41" of the plaintiff's first amended complaint and jury demand.

17. Denies each and every allegation set forth in paragraphs designated "42" and "43" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

18. Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "43" of the plaintiff's first amended complaint and jury demand with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "44" of the plaintiff's first amended complaint and jury demand.

19. Denies each and every allegation set forth in paragraphs designated "45", "46", "47", "48", "49", "50" and "51" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

20. Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "51" of the plaintiff's first amended complaint and jury demand with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "52" of the plaintiff's first amended complaint and jury demand.

21.  Denies each and every allegation set forth in paragraph designated "53" of the plaintiff's first amended complaint and jury demand except begs leave to refer all issues of law to this Honorable Court and all questions of fact to a trial therein.

22.  Denies each and every allegation set forth in paragraphs designated "54" and "55" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

### AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

23.  Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "55" of the plaintiff's first amended complaint and jury demand with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "56" of the plaintiff's first amended complaint and jury demand.

24.  Denies each and every allegation set forth in paragraphs designated "57" and "58" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant

### AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

25.  Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "58" of the plaintiff's first amended complaint and jury demand with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "59" of the plaintiff's first amended complaint and jury demand.

26.  Denies each and every allegation set forth in paragraph designated "60" of the plaintiff's first amended complaint and jury demand except begs leave to refer all issues of law to this Honorable Court and all questions of fact to a trial therein.

27.  Denies each and every allegation set forth in paragraphs designated "61", "62" and "63" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

28. Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "63" of the plaintiff's first amended complaint and jury demand with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "64" of the plaintiff's first amended complaint and jury demand.

29. Denies each and every allegation set forth in paragraphs designated "65", "66", "67" and "68" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION

30. Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "68" of the plaintiff's first amended complaint and jury demand with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "69" of the plaintiff's first amended complaint and jury demand.

31. Denies each and every allegation set forth in paragraphs designated "70", "71", "72" and "73" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

## AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION

32. Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "73" of the plaintiff's first amended complaint and jury demand with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "74" of the plaintiff's first amended complaint and jury demand.

33. Denies each and every allegation set forth in paragraphs designated "75" and "76" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

### AS AND FOR AN ANSWER TO THE TENTH CAUSE OF ACTION [*]

34. Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "76" of the plaintiff's first amended complaint and jury demand with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "77" of the plaintiff's first amended complaint and jury demand.

35. Denies each and every allegation set forth in paragraphs designated "78" and "79" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

### AS AND FOR AN ANSWER TO THE ELEVENTH CAUSE OF ACTION

36. Denies each and every allegation set forth in paragraphs designated "80" and "81" of the plaintiff's first amended complaint and jury demand as it may relate to this answering defendant.

**AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT OF THE PLAINTIFF, THE DEFENDANT ALLEGES:**

38. That this Court lacks jurisdiction over the person of the defendant.

**AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT OF THE PLAINTIFF, THE DEFENDANT ALLEGES:**

39. Plaintiff has failed to exhaust administrative remedies pursuant to the Prison Litigation Reform Act (PLRA).

**AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT OF THE PLAINTIFF, THE DEFENDANT ALLEGES:**

---

[*] Plaintiff has failed to include a Ninth Cause of Action in Plaintiff's First Amended Complaint and Jury Demand.

40. That the alleged cause(s) of action of the plaintiff, as stated in the complaint, is (are) time-barred in that this action was not commenced within the period of the applicable Statute of Limitations.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT OF THE PLAINTIFF, THE DEFENDANT ALLEGES:**

41. That any injuries sustained or suffered by the plaintiff, as stated in the complaint herein, were caused in whole or in part by the comparative negligence, fault and/or want of care of the plaintiff and the amount of damages awarded herein, if any, should be denied or diminished in proportion to the amount of said culpable conduct and negligence of plaintiff.

**AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT OF THE PLAINTIFF, THE DEFENDANT ALLEGES:**

42. That the alleged causes of action in the complaint should be dismissed for the plaintiff's failure to comply with CPLR §3012-a.

**AS AND FOR A SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT OF THE PLAINTIFF, THE DEFENDANT ALLEGES:**

43. That the plaintiffs have failed to state a cause of action upon which relief can be granted.

**AS AND FOR A SEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT OF THE PLAINTIFF, THE DEFENDANT ALLEGES:**

44.     The answering defendant(s), reserve the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss.

**AS AND FOR A EIGHTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT OF THE PLAINTIFF, THE DEFENDANT ALLEGES:**

45.     In the event of the release and payment of any other defendant, that the amount of any verdict against answering defendant shall be reduced pursuant to General Obligations Law Section 15-108(a).

**AS AND FOR A NINTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT OF THE PLAINTIFF, THE DEFENDANT ALLEGES:**

46.     In the event of the release and payment of any other defendant, that the amount of any verdict against answering defendant shall be reduced pursuant to General Obligations Law Section 15-108.

**AS AND FOR A TENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT OF THE PLAINTIFF, THE DEFENDANT ALLEGES:**

47.     The plaintiff's allegations of medical indifference do not rise to the level of deliberate indifference to serious medical needs.

WHEREFORE, the defendants demand judgment dismissing the complaint of the plaintiff herein together with the costs and disbursements of this action.

Dated:   New York, New York
         September 2, 2008

                                        Yours, etc.

                                        SCHIAVETTI, CORGAN,
                                        DiEDWARDS & NICHOLSON, LLP

                                        By: /s/ Angela M. Ribaudo
                                        ANGELA M. RIBAUDO (AR-8421)
                                        Attorneys for Defendant
                                        STEVEN K. LEE, M.D.,
                                        s/h/a DR. STEVEN K. LEE
                                        Office and P.O. Address
                                        575 Eighth Avenue
                                        New York, New York 10018
                                        (212) 541-9100

TO:   STOLL, GLICKMAN & BELLINA
      Attorneys for Plaintiff
      71 Nevins Street
      Brooklyn, New York 11217
      718-852-3710

      HEIDELL, PITTONI, MURPHY,
      & BACH, LLP
      Attorneys for Defendants
      CITY OF NEW YORK, DEPARTMENT
      OF CORRECTION COMMISSIONER
      MARTIN F. HORN, PRISON HEALTH
      SERVICES, INC., MICHAEL CATALANO,
      C.E.O. OF PRISON HEALTH SERVICES, INC.,
      DOHMH MEDICAL DIRECTOR
      TREVOR PARKS, DOHMH PROGRAM
      DIRECTOR REBECCA PINNEY,
      DOHMH DEPUTY COMMISSIONER
      LOUISE COHEN, DR. PRAVIN RANJAN,
      DR. JEAN RICHARD
      99 Park Avenue
      New York, New York 10016
      (212) 286-8585

UPON INFORMATION AND BELIEF, DR. DIAH DOUGLAS, DR. SHEEL SHARMA, "JOHN DOE" MEDICAL PROVIDERS PRISON HEALTH SERVICES, "JOHN DOE" MEDICAL PROVIDERS BELLEVUE HOSPITAL CENTER, HAVE NOT YET APPEARED.

## CERTIFICATION

I hereby certify that I served the foregoing Answer on behalf of STEVEN K. LEE, M.D. s/h/a DR. STEVEN K. LEE, as follows:

On September 2, 2008, I served a copy of the above-mentioned document upon:

STOLL, GLICKMAN & BELLINA
Attorneys for Plaintiff
71 Nevins Street
Brooklyn, New York 11217

HEIDELL, PITTONI, MURPHY,
& BACH, LLP
Attorneys for Defendants
CITY OF NEW YORK, DEPARTMENT
OF CORRETION COMMISSIONER
MARTIN F. HORN, PRISON HEALTH
SERVICES, INC., MICHAEL CATALANO,
C.E.O. OF PRISON HEALTH SERVICES, INC.,
DOHMH MEDICAL DIRECTOR
TREVOR PARKS, DOHMH PROGRAM
DIRECTOR REBECCA PINNEY,
DOHMH DEPUTY COMMISSIONER
LOUISE COHEN, DR. PRAVIN RANJAN,
DR. JEAN RICHARD
99 Park Avenue
New York, New York 10016
(212) 286-8585

electronically via the Electronic Court Filing System (ECF) and by placing it in an envelope addressed to the above, and depositing it in a U.S. Post Office box via First Class Mail on September 2, 2008.

I'm aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  New York, New York
        September 2, 2008

                                          /s/Angela M. Ribaudo
                                        ANGELA M. RIBAUDO (AR-8421)

UPON INFORMATION AND BELIEF, DR. DIAH DOUGLAS, DR. SHEEL SHARMA, "JOHN DOE" MEDICAL PROVIDERS PRISON HEALTH SERVICES, "JOHN DOE" MEDICAL PROVIDERS BELLEVUE HOSPITAL CENTER, HAVE NOT YET APPEARED.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TEOFILO COLON,                                                    **ECF**

              Plaintiff,                                Docket #08 CV 03142 (HB)

       - against -                                     Honorable Harold Baer, Jr.

CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,    **DEMAND FOR TRIAL**
PRISON HEALTH SERVICES, INC., MICHAEL       **BY JURY**
CATALANO, C.E.O. OF PRISON HEALTH SERVICES,
INC., DOHMH MEDICAL DIRECTOR TREVOR
PARKS, DOHMH PROGRAM DIRECTOR REBECCA
PINNEY, DOHMH DEPUTY COMMISSIONER LOUISE
COHEN, DR. PRAVIN RANJAN, DR. JEAN RICHARD,
BELLEVUE HOSPITAL CENTER, DR. DIAH
DOUGLAS, DR. SHEEL SHARMA, DR. STEVEN K.
LEE, "JOHN DOE" MEDICAL PROVIDERS PRISON
HEALTH SERVICES, "JOHN DOE" MEDICAL
PROVIDERS BELLEVUE HOSPITAL CENTER,

              Defendants.
------------------------------------------------------------------------X
COUNSELLORS:

      PLEASE TAKE NOTICE that, pursuant to Rules 38(b) and 81(c) of the Federal Rules of Civil Procedure, defendant STEVEN K. LEE, M.D. s/h/a DR. STEVEN K. LEE, by his attorneys, SCHIAVETTI, CORGAN, DiEDWARDS & NICHOLSON, LLP, hereby demands a trial by jury of all issues in the above-captioned action.

Dated:   New York, New York
         September 2, 2008

          Yours, etc.

          SCHIAVETTI, CORGAN,
          DiEDWARDS & NICHOLSON, LLP

          By: *[signature]*
          ANGELA M. RIBAUDO (AR-8421)
          Attorneys for Defendant
          STEVEN K. LEE, M.D. s/h/a DR. STEVEN K. LEE
          Office and P.O. Address
          575 Eighth Avenue, 14th Floor
          New York, New York 10018
          (212) 541-9100

TO:   STOLL, GLICKMAN & BELLINA
      Attorneys for Plaintiff
      71 Nevins Street
      Brooklyn, New York 11217
      718-852-3710

      HEIDELL, PITTONI, MURPHY,
      & BACH, LLP
      Attorneys for Defendants
      CITY OF NEW YORK, DEPARTMENT
      OF CORRECTION COMMISSIONER
      MARTIN F. HORN, PRISON HEALTH
      SERVICES, INC., MICHAEL CATALANO,
      C.E.O. OF PRISON HEALTH SERVICES, INC.,
      DOHMH MEDICAL DIRECTOR
      TREVOR PARKS, DOHMH PROGRAM
      DIRECTOR REBECCA PINNEY,
      DOHMH DEPUTY COMMISSIONER
      LOUISE COHEN, DR. PRAVIN RANJAN,
      DR. JEAN RICHARD
      99 Park Avenue
      New York, New York 10016
      (212) 286-8585

UPON INFORMATION AND BELIEF, DR. DIAH DOUGLAS, DR. SHEEL SHARMA, "JOHN DOE" MEDICAL PROVIDERS PRISON HEALTH SERVICES, "JOHN DOE" MEDICAL PROVIDERS BELLEVUE HOSPITAL CENTER, HAVE NOT YET APPEARED.

**CERTIFICATION**

I hereby certify that I served the foregoing Demand for Trial by Jury on behalf of STEVEN K. LEE, M.D. s/h/a DR. STEVEN K. LEE as follows:

On September 2, 2008, I served a copy of the above-mentioned document upon:

    STOLL, GLICKMAN & BELLINA
    Attorneys for Plaintiff
    71 Nevins Street
    Brooklyn, New York 11217

    HEIDELL, PITTONI, MURPHY,
    & BACH, LLP
    Attorneys for Defendants
    CITY OF NEW YORK, DEPARTMENT
    OF CORRETION COMMISSIONER
    MARTIN F. HORN, PRISON HEALTH
    SERVICES, INC., MICHAEL CATALANO,
    C.E.O. OF PRISON HEALTH SERVICES, INC.,
    DOHMH MEDICAL DIRECTOR
    TREVOR PARKS, DOHMH PROGRAM
    DIRECTOR REBECCA PINNEY,
    DOHMH DEPUTY COMMISSIONER
    LOUISE COHEN, DR. PRAVIN RANJAN,
    DR. JEAN RICHARD
    99 Park Avenue
    New York, New York 10016
    (212) 286-8585

electronically via the Electronic Court Filing System (ECF) and by placing it in an envelope addressed to the above, and depositing it in a U.S. Post Office box via First Class Mail on September 2, 2008.

I'm aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  New York, New York
        September 2, 2008

                                                /s/Angela M. Ribaudo
                                            ANGELA M. RIBAUDO (AR-8421)

UPON INFORMATION AND BELIEF, DR. DIAH DOUGLAS, DR. SHEEL SHARMA, "JOHN DOE" MEDICAL PROVIDERS PRISON HEALTH SERVICES, "JOHN DOE" MEDICAL PROVIDERS BELLEVUE HOSPITAL CENTER, HAVE NOT YET APPEARED.